STATE v. THOMAS JEFFERSON CAVINESS.

(Filed 14 December, 1955.)

**1. Automobiles § 63—**

Testimony of a patrolman from his personal observation of the car driven by defendant, that defendant was traveling at a speed of 65 miles per hour, is sufficient to take the case to the jury in a prosecution for speeding.

**2. Criminal Law § 78d (1)—**

Where, in a prosecution for speeding, the defendant makes no objection to evidence offered by the State in regard to a clocking apparatus, but to the contrary develops the subject in greater detail on cross-examination, defendant cannot challenge on appeal the admissibility of such evidence.

APPEAL by defendant from *Hall, Special Judge,* June, 1955, Criminal Term, of DURHAM.

Criminal prosecution on warrant charging, in substance, that defendant on 27 April, 1955, operated an automobile upon the public highway "at a greater rate of speed than allowed by law, 65 miles per hour in a 55 mile zone," etc.

Defendant was first tried and convicted in the recorder's court. Upon appeal to and trial in the Superior Court, the jury returned a verdict of guilty as charged in the warrant. Judgment was that "defendant pay a fine of $5.00 plus the costs of the Court." Defendant excepted and appealed, assigning errors.

*Attorney-General Rodman and Assistant Attorney-General Giles for the State.*

*Blackwell M. Brogden for defendant, appellant.*

PER CURIAM. The only testimony was that of a State Highway Patrolman, a witness for the State. His testimony was that he saw defendant operating an automobile along Highway #501, some three

miles north of Durham; and that, based upon his personal observation, his opinion was that defendant was traveling at a speed of 65 miles per hour. This evidence was sufficient to carry the case to the jury.

The witness testified further that he had stretched two tubes across Highway #501, 132 feet apart; that these tubes were connected to a stop clock held by him; that an automobile passing over the tube first reached would start the clock; that when it passed over the second tube it would stop the clock; that the clock was calibrated to show the time it took to travel the intervening 132 feet; and that this mechanical device was operated by him with reference to the automobile defendant was driving and indicated defendant's speed while traversing the distance of 132 feet to be at the rate of 65 miles per hour.

Defendant now contends that the evidence narrated in the preceding paragraph was incompetent and should have been excluded.

Defendant's counsel and the Attorney-General have filed interesting and helpful briefs bearing upon the preliminary proof required before testimony as to the speed of an automobile as recorded by such a mechanical device may be admitted in evidence. But the question is not presented on this record. Here the witness testified fully, without objection, with reference to the clock apparatus, how it worked and what it indicated on this particular occasion. Defendant cannot now challenge the admissibility of evidence to which he interposed no objection and which was developed in greater detail by defendant's counsel on cross-examination of the State's witness.

Remaining assignments of error have been duly considered. None discloses error of law sufficient to justify the granting of a new trial. Hence, the trial and judgment will be upheld.

No error.